SUMMARY ORDER

Jun Nan He, a native and citizen of the People’s Republic of China, seeks review *454 of a February 29, 2008 order of the BIA affirming the October 10, 2006 decision of Immigration Judge (“IJ”) Patricia A. Ro-han denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Jun Nan He, No. A98 560 028 (B.I.A. May 7, 2008), aff’g No. A98 560 028 (Immig. Ct. N.Y. City Oct. 10, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. Salimatou Bah v. Mukasey, 529 F.3d 99, 104 (2d Cir.2008).
Here, the agency correctly concluded that He was not eligible for relief on the basis of his wife’s alleged forced abortion. Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 309-10 (2d Cir.2007). Nonetheless, even though He was not per se eligible for asylum based on his wife’s forced abortion, he could still qualify for relief by demonstrating that he engaged in “other resistance” to a coercive population control program. See id. at 313. However, an asylum applicant must demonstrate not only that he engaged in “other resistance” but that he also suffered harm rising to the level of persecution or has a well-founded fear of suffering such harm as a direct result of his resistance. See id. This He failed to do.
He claims that he engaged in other resistance by refusing to reveal his wife’s whereabouts and that he suffered harm when family-planning officials retaliated by destroying his furniture and aborting his unborn child. However, even assuming that He’s refusal to surrender his wife to family planning officials constitutes other resistance, he has not demonstrated that any harm he may have suffered as a result rose to the level of persecution. See, e.g., Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006) (finding that “persecution does not encompass mere harassment”). There is no evidence in the record that He suffered harm that amounted to a substantial economic disadvantage as a result of the destruction of his furniture. See Guan Shan Liao v. U.S. Dep’t of Justice, 293 F.3d 61, 70 (2d Cir.2002) (requiring that a petitioner claiming economic persecution “offer some proof that he suffered a deliberate imposition of substantial economic disadvantage” (internal quotations omitted)). As for He’s claim that he suffered emotional harm amounting to persecution as a result of the loss of his unborn child, the caselaw of this Circuit is clear that a forced abortion constitutes persecution only with respect to the individual who actually undergoes the procedure. See Shi Liang Lin, 494 F.3d at 309-10.
Furthermore, He has not established the requisite likelihood that he will be subjected to future persecution based upon his refusal to surrender his wife to family-planning officials. See id. at 313-14. He testified that the officials threatened to sterilize him if his wife did not report for an abortion. However, if He’s testimony is to be believed, He’s wife has already undergone the abortion, and the officials’ stated motivation for sterilizing him no longer exists. He has offered no evidence that would lead a reasonable factfinder to conclude that the Chinese authorities still have an interest in sterilizing him or otherwise causing him harm. Thus, the agency correctly determined that He failed to meet his burden of proving that he has an *455 objectively reasonable fear of being persecuted should he return to China. See Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004).
Because Li failed to demonstrate either past persecution or a well-founded fear of persecution for the purposes of his asylum claim, he also necessarily failed to meet the higher burden of proof required to prevail on his claims for withholding of removal and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).